## (October 14, 1971)

■ CARIBBEAN ATLANTIC AIRLINES, INC., Respondent, v. ROLLS-ROYCE LIMITED et al., Defendants, and GENERAL DYNAMICS CORP., Appellant.— Order, Supreme Court, New York County, entered on May 12, 1971, denying defendant General Dynamics an order for examination of two employees of plaintiff, reversed, on the law and the facts, without costs and without disbursements. Vidal and Martinez are directed to be produced for examination within 10 days of the date of entry of the order entered hereon, or at such time and place as may be agreed upon by the parties hereto. The plaintiff has produced four employees that have been examined. However, there are additional relevant issues which the defendant is entitled to pursue to obtain "full disclosure of all evidence material and necessary". (CPLR 3101, subd. [a], par. [1].) Accordingly, Vidal and Martinez are directed to be produced for examination. Concur — McGivern, J. P., Nunez, Kupferman and Murphy, JJ.; McNally, J., dissents in the following memorandum: I dissent and vote for affirmance. The extensive examination had by defendant-appellant adequately informs it as to the issues presented by the complaint and answer, including the issue of damages. The defendant-appellant poses issues as to damage not within the scope of the complaint. In the absence of an application by plaintiff for leave to amend the complaint, in my opinion, there is no basis for examination as to items of damage exceeding the amount claimed in the complaint.

on June 21, 1971, granting plaintiff's motion for a preference, is affirmed, without costs and without disbursements. The causes of action in the complaint arise from the alleged failure of defendants to perform in accordance with the terms of a written contract entered into between the parties. Accordingly, the preference was properly granted pursuant to rule 660.9, Supreme Court Rules, New York and Bronx Counties (22 NYCRR 660.9), and further it is clearly warranted in the "interests of justice" (CPLR 3403, subd. [a], par. 3). Concur — McGivern, J. P., Nunez, Kupferman and Murphy, JJ.; McNally, J., dissents in the following memorandum: I dissent and vote to reverse. In my opinion, the plaintiff is not entitled to a trial preference where plaintiff elected to join contract and tort causes of action. (*Busher Co.* v. *Galbreath-Ruffin Realty Co.*, 16 A D 2d 750; *Sharpe* v. *Bates Chevrolet Corp.*, 155 N. Y. S. 2d 979.)